NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

                              Petitioner,

              v.

JEREMY D. SIMILE,

                              Respondent.

Court of Appeals No. A-13315
Trial Court No. 3PA-10-273 CR

O P I N I O N

No. 2634 — February 8, 2019

Petition for Review from the Superior Court, First Judicial District, Juneau, Amy Mead, Judge.

Appearances: Bailey J. Woolfstead, Assistant District Attorney, Juneau, and Jahna Lindemuth, Attorney General, Juneau, for the Petitioner. Frank Singh III, Assistant Public Defender, Juneau, and Quinlan Steiner, Public Defender, Anchorage, for the Respondent.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge MANNHEIMER.

The State of Alaska has petitioned us to clarify the provisions of newly amended AS 12.55.110 — the statute that governs a court's sentencing authority over defendants who receive a wholly or partially suspended sentence and are placed on probation, if the court later finds that the defendant violated their probation.

In 2016, the legislature amended this statute, placing new limits on the amount of suspended jail time that a court can impose when the court revokes a defendant's probation. *See* SLA 2016, ch. 36, § 84 (effective January 1, 2017).

Under the new version of AS 12.55.110, some violations of probation are now classified as "technical violations". This term, which is defined in subsection (h)(2) of the statute, refers to any violation of probation that neither constitutes a new criminal offense nor a failure to complete treatment for sex offenders or batterers.

Subsections (c) and (d) of AS 12.55.110 now limit a court's sentencing authority in instances where a defendant has committed only a technical violation of probation. These two provisions of the statute draw a distinction between (1) technical violations of probation that qualify as "absconding" and (2) all other technical violations of probation.

We have placed the word "absconding" in quotation marks because subsection (h)(1) of AS 12.55.110 defines this word in a non-standard way. As defined in subsection (h)(1), a probationer "absconds" if the probationer fails to report to a probation officer within five working days after their release from custody upon their completion of an active term of imprisonment, *or* if the probationer fails to attend a scheduled meeting with a probation officer and then fails to make contact with the probation officer within 30 days following the missed meeting.

Subsection (d) of AS 12.55.110 declares that if the defendant's technical violation of probation is an act of "absconding", then the court may not impose more than 30 days of the defendant's suspended jail time.

Subsection (c) of AS 12.55.110 declares that court's sentencing authority is even more circumscribed if the defendant's probation is revoked for a technical violation that does not include "absconding". For these less serious technical violations, the sentencing court can impose no more than:

(1) three days' imprisonment for a first probation revocation;

(2) five days' imprisonment for the second probation revocation; or

(3) ten days' imprisonment for the third probation revocation.

However, for a fourth or subsequent technical violation, AS 12.55.110(c)(4) declares that there is no limit on the court's sentencing authority. The court can impose any or all of the defendant's remaining suspended jail time.

In the present case, the State petitioned to revoke the defendant's probation based on two separate allegations: an allegation that the defendant had committed absconding, and an allegation that the defendant had committed a separate fourth technical violation of probation.

Because these two allegations were presented to the sentencing court in the same petition to revoke probation, the question arose whether the court's sentencing authority was governed by subsection (d), the provision that limits sentences for absconding to 30 days' imprisonment, or instead by subsection (c), the provision that grants the court unrestricted sentencing authority if the defendant is found to have committed a fourth or subsequent technical violation of their probation.

The superior court ruled that its sentencing authority was limited to the 30 days specified in subsection (d) as the upper sentencing limit for an act of absconding. We conclude that this ruling is mistaken.

First, it is clear from the structure of subsections (c) and (d) that the legislature viewed the act of absconding as an aggravated type of technical violation. Even though a court's sentencing authority is normally limited to just a few days' imprisonment for a first, second, or even a third technical violation of probation, the legislature gave courts the authority to impose up to 30 days' imprisonment in instances where that first, second, or third technical violation constituted an act of absconding.

But the legislature also declared that when the defendant commits a fourth or subsequent technical violation of probation, there should be no special constraints on the court's sentencing authority. In these circumstances, the legislature wanted to give courts full authority to impose any portion, or all, of the defendant's remaining suspended jail time.

This policy would be defeated if, in cases where the petition to revoke the defendant's probation included an additional allegation of absconding, the court's sentencing authority was capped at 30 days.

Moreover, imposing a 30-day cap on the court's sentencing authority in these circumstances would stand the legislature's classification system on its head. As we have explained, the legislature intended for absconding to be treated as an aggravated type of technical violation — a circumstance that significantly increases the court's sentencing authority beyond the authority that the court would otherwise have when the court sentenced a defendant for a first, second, or third technical violation.

But under the superior court's interpretation of the statute, the defendant's commission of an act of absconding would be a mitigating factor that *limited* the sentencing court's authority when the defendant's probation was being revoked for a fourth or subsequent technical violation. This result is simply inconsistent with the legislature's aims.

We also note that the superior court's interpretation of the statute would almost certainly lead to the elevation of form over substance. If, as the superior court ruled, the addition of an absconding allegation would operate to place a 30-day limit on a defendant's sentence for a fourth or subsequent technical violation of probation, the State could simply refrain from adding the absconding allegation to its petition — adopting the strategy of waiting to apprise the court of the defendant's act of absconding

until the time came to argue what sentence the defendant should receive for the other technical violation(s).

For these reasons, we GRANT the State's petition for review and we REVERSE the ruling of the superior court. We hold that when the court revokes a defendant's probation for a fourth or subsequent technical violation, AS 12.55.110(d) does not limit the sentencing court's authority even when the State's petition to revoke probation contains an additional allegation of absconding.